**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Daniel J. FROEHLICH, Defendant— Appellant.**

**No. 03–30214.**

**D.C. No. CR–02–00258–WFN.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 20, 2004.

Geogre JC Jacobs, III, Assistant U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Gerald D. Smith, Lisa N. Ellis, FPDWA—Federal Public Defender's Of-

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

fice, Spokane, WA, for Defendant–Appellant.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM**

Daniel Joseph Froehlich appeals his guilty-plea conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(10). We have jurisdiction pursuant to 29 U.S.C. § 1291. We review de novo the denial of the motion to suppress evidence, and we review for clear error the district court's underlying findings of fact. *United States v. Kemmish,* 120 F.3d 937, 939 (9th Cir.1997). We affirm the district court.

Froehlich's single contention on appeal is that the district court should have granted his motion to suppress evidence because the deputy violated his rights under the Fourth Amendment by asking Froehlich his name.

Officers may ask questions during an investigative stop as long as they are reasonably related in scope to the justification for their initiation. *United States v. Perez,* 37 F.3d 510, 513 (9th Cir.1994) (quoting *United States v. Brignoni–Ponce,* 422 U.S. 873, 881–882, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975)) ("The officer may question the driver and passengers about their citizenship and immigration status, and he may ask them to explain suspicious circumstances, but any further detention or search must be based on consent or probable cause."). Officers may also take such steps as are reasonably necessary to protect their personal safety. *United States*

*v. Hensley,* 469 U.S. 221, 235, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985).

We agree with the district court that it was reasonable for the deputy to ask Froehlich his name, and we find that this limited inquiry was reasonably related in scope to the traffic stop. See *Hensley,* 469 U.S. at 235, and *Perez,* 37 F.3d at 513.

**AFFIRMED**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

